# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **American Family Mutual Ins. Co.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action Number** |
| ) | **04-0933-CV-W-JTM** |
| **Carter Enterprises, Inc., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

In April of 2002, Jennie Hampton and Marvin Vail ("Hampton and Vail") sued several entities in Jackson County, Missouri Circuit Court, including Carter Enterprises, Inc. ("Carter"). At issue in this state litigation was the assertion of Hampton and Vail that Carter was liable for malicious prosecution and the state law tort of outrage. Carter initially was defended in the state court action by American Family Mutual Insurance Company ("American Family") under a reservation of rights. Ultimately, however, Carter rejected American Family's reservaztion of rights defense and American Family withdrew its defense of Carter. After American Family withdrew its defense, Carter, Hampton and Vail entered into an agreement pursuant to R.S.Mo. §537.065 in which Hampton and Vail agreed that in the event they obtained a judgment against Carter, they would not levy against any assets of Carter, except Carter's liability insurance policy with American Family.

Subsequently, in late 2004, Hampton and Vail dismissed the state court action pending in Jackson County against Carter and thereafter re-filed their action on October 22, 2004, in Cass

County, Missouri Circuit Court. On January 24, 2005, Hampton and Vail obtained a judgment against Carter in the total amount of $4 million. Hampton and Vail then instituted an equitable garnishment action (again in Jackson County, Missouri) against American Family and Carter on March 8, 2005, claiming that Carter's liability policy with American Family [Business Key Policy No. 24-XD4418-02] provides coverage for the $4 million judgment rendered against Carter in Cass County.

On October 12, 2004, American Family filed the present declaratory action in federal court naming as defendants Hampton and Vail and Carter (as well as individuals Gary L. Carter and Kenneth M. Carter). In this federal action, American Family seeks a declaration that four of its policies, including Business Key Policy No. 24-XD4418-02, do not provide coverage for the judgment rendered against Carter in Cass County.

Pending before the Court is the motion of Hampton and Vail to have the Court exercise it discretion and dismiss the federal action pursuant to *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 62 S.Ct. 1173 (1942). For the reasons set out herein, the Court dismisses this action.

Tension invariably arises when parallel proceedings are pending in both state and federal courts – in particular, when there is a possibility of the state court and the federal court reaching a contrary conclusion to an identical legal issue. To address and relieve this tension, the federal courts (which are, of course, courts of limited jurisdiction) have created several forms of abstention that permit a federal court to defer to ongoing proceedings occurring in state court. The most familiar variants of federal abstention arise from a series of Supreme Court cases that have lent their names to assorted types of abstention — *Pullman* abstention, *Burford* abstention,

*Younger* abstention, and *Colorado River* abstention.¹ At issue in this case, however, is the more rarely invoked doctrine of *Brillhart* abstention.

In *Brillhart*, an insurance company brought an action seeking a declaratory judgment in federal court in order to determine its obligation, if any, in a pending state court proceeding. Focusing on the discretionary nature of federal courts entertaining declaratory judgments in general, the *Brillhart* court found that it would "ordinarily be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id*. at 495, 62 S.Ct. at 1176. In exercising discretion to hear or not hear a federal declaratory judgment action in such a situation, the Supreme Court noted that a district court should examine the "scope of the pending state court proceeding" and consider "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Id*.

In 1995, the Supreme Court reconsidered the issue of *Brillhart* abstention in light of more recent abstention cases that seemingly narrowed the circumstances in which a federal court should decline jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137 (1995). However, in *Wilton*, the Court concluded that "[n]o subsequent case . . . has called into question the application of the *Brillhart* standard to the *Brillhart* facts." *Id*. at 286, 115 S.Ct. at 2142.²

---

¹ *Rairoad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643 (1941); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098 (1943); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976).

² As to more strict forms of abstention, the Court noted that "[d]istinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River*." *Wilton*, 515 U.S. at 287, 115 S.Ct. at 2142.

Consequently, the *Wilton* court reaffirmed that:

> [D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites.

*Id*. at 282, 115 S.Ct. at 2140.

In response to the motion to dismiss, American Family essentially argues that (1) *Brillhart* does not mandate a dismissal, and (2) the issues involved in this action are neither complex nor nuanced.[3] As to the former, the Court agrees that a dismissal is not mandated by *Brillhart*. However, that still leaves open the ultimate issue of whether the Court should exercise its discretion and hear this matter. Moreover, the Court generally accepts American Family's assertion that:

> This is a straightforward declaratory judgment action that simply asks this Court to interpret and apply the language of the Business Key Policy that American Family issued to Carter Enterprises.

However, whether the issues are complex or straightforward, it is readily apparent that they involve issues of state law.[4]

Ultimately, the Court concludes that:

---

[3] American Family also objects to the characterization made by Hampton and Vail that the federal lawsuit was a "preemptive first strike." Based on the record, the Court agrees that there does not appear to be any improper motives or undue haste associated with the filing of the federal lawsuit.

[4] The broad discretion afforded a district court under *Brillhart* is obviously narrower when the underlying issue involves the resolution of a federal question. *Verizon Communications, Inc. v. Inverizon International, Inc.*, 295 F.3d 870, 874-75 (8th Cir. 2002).

      (1)     the two pending parallel actions involve the same issues between the same parties,[5]

      (2)     the state court action can resolve all of the issues, and

      (3)     it would be inefficient to require litigation over this common issue in two separate actions.

Balanced against these conclusions is the fact that American Family has instituted a proper federal lawsuit and its choice of forum should not be lightly disturbed. However, in that regard, the Court would note that American Family concedes:

> Both this [federal] action and the [state court] garnishment action were filed in courts in Kansas City, Missouri. Either court will be equally convenient for the parties.

The Court concludes that, in totality, the relevant factors tip the balance in favor of federal abstention. As such, for the reasons set out in *Brillhart*, the Court believes that it is more appropriate for a Missouri state court to resolve the parties state law disputes and the Court dismisses this action. Accordingly, it is

    **ORDERED** that *Defendant's Motion To Dismiss,* filed March 30, 2005 (Doc. #21) is **GRANTED**.

---

[5] The Court is mindful that the individual principals in Carter are named in this action, but (apparently) not in the state court action. However, no party argues that these individuals are necessary parties or, if they are necessary parties, that they are not amenable to suit in Jackson County. In addition, this federal lawsuit seeks a declaratory judgment as to four insurance policies, while the state court action is focused on only Business Key Policy No. 24-XD4418-02. It seems clear that no one (and, in particular, Hampton and Vail) is attempting to collect under the other policies for the underlying damages. As such, any declaratory judgment on those policies would be an unwarranted advisory opinion.

*/s/ John T. Maughmer*
                                    **John T. Maughmer
                            Chief United States Magistrate Judge**